IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

BILLY RAY PHIFFER,

Plaintiff,

v.

MATTHEW B. SHIRTCLIFF, in his official capacity as District Attorney for Baker County, Oregon, and BAKER COUNTY CIRCUIT COURT,

Defendants.

CV-10-1120-SU

FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge:

Plaintiff Billy Ray Phiffer, appearing *pro se*, filed this action against defendants Matthew B. Shirtcliff, in his official capacity as District Attorney for Baker County, and Baker County Circuit Court (collectively "Defendants"). Phiffer alleges violations of Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973

("Rehabilitation Act"), 29 U.S.C. § 794; and a section 1983 claim for a violation of due process pursuant to the Fourteenth Amendment to the United States Constitution. (Compl. ¶ 1.)

Presently before this court are Defendants' Motion to Dismiss (doc. #3) and Plaintiff's Motion for Leave to File an Amended Complaint (doc. #8). For the following reasons, Defendants' Motion to Dismiss should be granted, and Phiffer's Motion for Leave to File an Amended Complaint should be granted.

*BACKGROUND*

Phiffer was ordered to make victim compensation payments by the Baker County Circuit Court. The victim to whom Phiffer was making payments died. (Pl.'s Opp'n Dismiss 2.) To avoid future payments of victim compensation, Phiffer filed a Motion for Relief from Victim Compensation and Decree Without Hearing ("Motion for Relief") with the Baker County Circuit Court in December 2009. (Compl. ¶ 7.) Phiffer was 79 years old and resided in Dallas, Texas when he filed his Motion for Relief with the Circuit Court. He "suffers from and has a long established history of osteoarthritis, a severe degenerative hip and back condition, osteoporosis, diabetes and emphysema." (Compl. ¶ 6.)

Phiffer's Motion for Relief was in response to a letter from Shirtcliff advising Phiffer to request a decree excusing him from appearing at the hearing in person. (Compl. ¶ 7.) A hearing was scheduled for February 10, 2010, on Phiffer's Motion for Relief requiring Phiffer to appear in person. (Justin E. Kidd Aff. Ex. 1 at 1, November 17, 2010.) Phiffer sought the services of an attorney to represent him in court and requested that his attorney be allowed to appear in his place. (Compl.¶ 9.) A motion to continue was filed on the basis that the attorney need more time to prepare. (Kidd Aff. Ex. 1 at 1). On March 11, 2010, a Notice of Scheduled Court Proceedings was

issued by the Baker County Circuit Court setting a hearing on Phiffer's Motion for Relief for June 7, 2010. (Billy Ray Phiffer Aff. Ex. K ("Notice of Hearing"), November 29, 2010.)[1] Despite his alleged requests, the Notice of Hearing required Phiffer to appear in person. He alleges he responded by filing a "Motion of Information" with the Baker County Circuit Court, "[i]n compliance with UTCR 7.060 . . . ."[2] (Compl.¶ 8.) The "motion" allegedly informed the court of Phiffer's "condition and possible ADA and 504 Rehab. Act lawsuit if [he were] required to attend

---

[1] The Notice of Scheduled Court Proceeding, dated March 11, 2010, states, in pertinent part:

Additional Information:

> **JUDGE UNKNOWN AT THIS TIME**
> MOTION FOR RELIEF FROM VICTIM COMPENSATION
> IMPORTANT NOTICE: PLEASE READ
>
> Failure to appear at the court event indicated above at the time and place specified may result in an order being rendered against you in this case.

(Phiffer Aff. Ex. K.)

[2]Oregon Uniform Trial Court Rules 7.060 provides for Americans with Disabilities Act Accommodation as follows:

(1) If special accommodation under the ADA is needed for an individual in a court proceeding, the party needing accommodation for the individual must notify the court in the manner required by the court as soon as possible, but no later than four judicial days in advance of the proceeding....

(2) Notification to the court must provide:
(a) the name of the person needing accommodation;
(b) the case number;
(c) charges(if applicable)
(d) the nature of the proceeding;
(e) the person's status in the proceeding;
(f) the time, date, and estimated length of the proceeding;
(g) the type of disability needing accommodation; and
(h) the type of accommodation, interpreter, or auxiliary aid needed or preferred.

the hearing." (Compl.¶ 8.) There was, however, no response to Phiffer's "motion" from the Baker County Circuit Court. (Compl.¶ 8.)

Phiffer and his wife traveled by car from Texas to Oregon to attend the hearing. Because Phiffer's doctor had prescribed hydrocodone for his pain, Phiffer was unable to drive and his wife "was forced to drive the round trip." (Compl.¶ 10.)

Phiffer alleges Defendants did not demonstrate that making a "reasonable modification in its policy, practice or procedure . . . to avoid discrimination on the basis of disabilities " by acceding to his request to appear by phone or through his attorney would "fundamentally alter the nature of the service, program or activity" as required by 28 C.F.R. 35.130(b)(7).[3] (Compl.¶ 11.) Phiffer alleges his right to due process was violated because "he was denied his Decree Without Hearing." (Compl.¶ 12.)

Phiffer also alleges Defendants were "deliberately indifferent to [his] disabled state by intentionally ignoring his Motion of Information," which he asserts "made them aware of his disabilities and the pain and mental stress it would cause if he was required to attend the hearing." (Compl.¶ 13.)

Phiffer alleges Defendants discriminated against him when they denied his request to either appear by remote communication or, alternatively, have his attorney appear for him at the hearing

[3]28 C.F.R. 35.130(b)(7) states:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

and that these actions "constitute unlawful discrimination on the basis of [his] disability" under the ADA and the Rehabilitation Act. (Compl. ¶¶ 14-17.)

*LEGAL STANDARD*

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions which are attached to, or incorporated by reference into, the complaint, as well as matters capable of judicial notice. *See, e.g., Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("The court may . . . take judicial notice of matters of public record or facts that are not subject to reasonable dispute."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court need not accept as true allegations in the complaint that contradict these sources. *Lazy Y Ranch, Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). Before dismissing a *pro se* complaint, the court must, in many circumstances, instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a *pro se* plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt plaintiff can prove no set of facts in support that would entitle him to relief and the complaint's deficiencies cannot be cured by amendment. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008).

## *DISCUSSION*

### I. Subject Matter Jurisdiction

#### A. Section 1983 Claims

Defendants contend the court lacks subject matter jurisdiction over Phiffer's section 1983 claim alleging a violation of the Due Process Clause by the Baker County Circuit Court and Shirtcliff because the claims are barred by the Eleventh Amendment.[4] *See* FED. R. CIV. P. 12(b)(1).

It is well established that absent waiver, the "Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995). Sovereign immunity under the Eleventh Amendment is a question of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Sovereign immunity, however, may be expressly waived by the state or abrogated by Congress. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). Here, the State of Oregon has not

[4]The Eleventh Amendment prohibits "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

expressly waived immunity, and the Supreme Court of the United States has "made clear that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity.'" *Walker v. Or.*, No. CV 10-1318-ST, 2010 WL 4777999, at *1 (D. Or. Oct. 27, 2010) (quoting *Kentucky. v. Graham*, 473 U.S. 159, 169 n.17 (1985)).

County courts, such as the Baker County Circuit Court, are considered "arms of the state," and section 1983 claims against it are barred by the agency's sovereign immunity. *See Walker*, 2010 WL 4777999, at *1 (concluding "county courts are arms of the State"); *see also Bare v. Portland Comty. Coll.*, No. CV 99-577-KI, 1999 WL 793941, at *1 (D. Or. Oct. 6, 1999) ("Governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes are also entitled to the protection of the amendment and, furthermore, are not persons within the meaning of § 1983 and cannot be liable under that statute.). Accordingly, this court lacks subject matter jurisdiction over Phiffer's section 1983 claim against the Baker County Circuit Court.[5]

Similarly, this court lacks subject matter jurisdiction over Phiffer's section 1983 claim against Shirtcliff. Phiffer has alleged that Shirtcliff is "a public entity"; accordingly, he has been sued in his official capacity as District Attorney for Baker County. (Compl. ¶3.) Shirtcliff is an elected official of the State of Oregon. State officials sued in their official capacity are not "persons" for purposes of a section 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Additionally, state officials acting in their official capacities are immune from suit for monetary damages under the Eleventh Amendment as that suit is no different than a suit against the state itself. *Will v. Mich.Dept.State Police*. 491 U.S. 58, 71(1989). Accordingly, this court lacks subject matter

[5]Phiffer concedes circuit courts are arms of the State. (Mot. Am. Compl. 2.)

jurisdiction over Phiffer's Section 1983 claims and Defendants' Motion to Dismiss regarding those claims should be granted.

B. Rehabilitation Act and ADA Claims

Unlike section 1983, the language of the Rehabilitation Act and ADA "makes it clear that Congress has unequivocally abrogated the states' immunity from suit in federal court under those statutes." *Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791 (9th Cir. 2004) (State not entitled to Eleventh Amendment immunity under Title II of ADA; State waives Eleventh Amendment immunity under Rehabilitation Act by accepting federal funds); *Burns-Vidlak v. Chandler*, 165 F.3d 1257, 1261 n.6 (9th Cir. 1999) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of Section 504 of the Rehabilitation Act of 1973 . . . ."); *Clark v. Cal.*, 123 F.3d 1267, 1269 (9th Cir. 1997) ("Congress has unequivocally expressed its intent to abrogate the State's immunity under both the ADA and the Rehabilitation Act.").

II. Failure to State a Claim

A. Rehabilitation Act Claim and ADA Claims.

1. Requirements of Rehabilitation Act.

Defendants argue Phiffer fails to state a claim under the Rehabilitation Act. The Rehabilitation Act provides in pertinent part:

> [N]o otherwise qualified individual with a disability . . . shall, solely by reason of . . . his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C.§ 794. Under this section, however, a plaintiff must show the program or activity from which he was excluded receives federal financial assistance. 29 U.S.C. § 794(a); *see, e.g., Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Here Phiffer does not allege the Baker County Circuit Court nor the District Attorney receive federal funding under the Rehabilitation Act. As such, his claim as pleaded against Defendants cannot stand. *See Allen v. Saif Corp.*, No. CV 04-1460-BR, 2005 WL 708402, at *3 (D. Or. March 29, 2005) (holding plaintiff's claim could not stand because she "did not allege in her Complaint that [defendant] receive[d] federal funding under the Rehabilitation Act or any other similar federal statute"). Phiffer's Rehabilitation Act claim should be dismissed on this ground.

2. ADA Claim

Phiffer alleges defendants denied his Motion for Relief, ignored his Motion of Information (seeking to appear other than in person), and denied his request for his attorney to take his place at the hearing. Phiffer contends these actions violate the ADA. Phiffer also alleges Defendants offered no demonstration that a modification of the requirement that he appear in person at the hearing would "fundamentally alter the nature of the service, program or activity" and, therefore, Defendants violated 28 C.F.R. § 35.130(b)(7). Phiffer alleges that he has been subjected to discrimination by Defendants as a "qualified individual with a disability." 42 U.S.C. § 12131(2). He alleges Defendants were deliberately indifferent to and failed to reasonably accommodate his disability by requiring him to attend the hearing on his Motion for Relief in person.

Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42

U.S.C. § 12132. The ADA defines "public entity" to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B).[6]

In order to state a claim of disability discrimination under Title II, Phiffer must allege four elements: "(1) he is an individual with a disability; (2) he is"otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)(quotations and citations omitted) (city's nuisance abatement policy burdened plaintiff as a result of disabling condition).

Assuming Phiffer is disabled, he does not plead he was excluded from participation in or denied the benefits of a program for which he was qualified to receive the benefit, solely by reason of his disability. In fact, he was given a hearing before the Baker County Circuit Court. Rather, Phiffer alleges the Baker County Circuit Court failed to accommodate his disability by requiring him to appear in person. He alleges this "subject[ed][him] to discrimination" under the ADA.

The Ninth Circuit has recognized that facially neutral policies (such as requiring a person to appear in court for a hearing) may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced. *McGary*, 386 F.3d at 1265; *see also*

---

[6]If Phiffer is asserting a claim under the ADA and Section 504 against Shirtcliff in his official capacity, such a claim is actually one against the state itself. *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001) (suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself).

*Martin v. PGA Tour, Inc*. 204 F.3d 994, 999-1000 (9th Cir. 2000), *aff'd*, 532 U.S. 661 (2001) . Phiffer claims the Baker County Circuit Court's requirement that he personally appear in court burdened him more than such a requirement would burden a non-disabled person solely as a result of his disability. *See McGary*, 386 F.3d at 1265; *Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir. 1996). He alleges the Court failed to reasonably accommodate his disability as required by 28 C.F.R.§ 35.130(b)(7).

The allegations of the Complaint filed by Phiffer are sufficient to state a claim under the ADA. Phiffer alleges he filed a "Motion of Information" with the Baker County Circuit Court after he received the March 2010 Notice of Hearing. While the Oregon Judicial Information Network ("OJIN") does not list such a "Motion of Information", there is a "Memorandum of Notification" apparently filed by Phiffer on March 17, 2010. (Kidd Aff. Ex. 1.) Phiffer has not included a copy of this filing in his exhibits. Defendants, however, state "[Phiffer] did not want to appear personally at the judicial action he requested, so he requested that the judge decide the decree without a hearing, or requested to appear by counsel for the hearing. Plaintiff informed the judge that attending the hearing would cause him to travel, which was uncomfortable for him." (Mem. Supp. Dismiss 2-3.) Viewing the allegations of the Complaint in the light most favorable to plaintiff, Phiffer alleges enough to state a claim, i.e., he had a disability which the Baker County Circuit Court knew existed and failed to accommodate. *McGary*, 386 F.3d at 1266; *see also Robertson v. Las Animas County Sheriff's Department*, 500 F.3d 1185, 1196 (10th Cir. 2007).

B. Judicial and Quasi-Judicial Immunity

Finding Phiffer alleges facts sufficient to state a claim under the ADA, however, does not end the court's inquiry regarding Defendants' motion to dismiss. This is not a case involving denial

of Phiffer's access to the court; indeed, he appeared at the hearing regarding his Motion for Relief. Rather, Phiffer's allegation regarding failure to accommodate his request to appear other than in person directly involve an order of the Baker County Circuit Court entered by Judge Mendiguren requiring him to appear in person. A subsequent Order continuing the hearing was also entered by Judge Mendiguren. (Kidd Aff. Ex. 1.) As such, Defendants contend their motion to dismiss should be granted based upon judicial immunity.

Phiffer asserts "it appears the decision [to set a hearing or sign his petition without a hearing] was made between Defendant Shirtcliff and Court Operations Specialist Amy Swiger,"not by a judge, because the hearing date "was set so quickly" after the court received the Motion for Relief, and because the "judge was a visiting judge" without "enough time for him to have been consulted." (Pl.'s Opp. Dismiss 2.) Phiffer also asserts that because the Notice of Scheduled Court Proceeding states a "JUDGE UNKNOWN AT THIS TIME", (Phiffer Aff. Ex K), neither "Judge Mendiguren, nor any other judge, was in the picture when the rescheduled date was decided." (Pl.'s Reply to Defs.' Reply at 3.)[7]

Defendants contend the Baker County Circuit Court is entitled to judicial immunity from all of Phiffer's claims because to the extent Judge Mendiguren or Swiger decided the motion or scheduled the hearing, they are protected by absolute and quasi-judicial immunity. This court agrees. "Judges are absolutely immune from liability for damages, injunctive relief, and declaratory relief sought as a result of judicial acts performed in their judicial capacity."[8] *Moore v. Brewster*,

---

[7]Phiffer's Motion of Information (or Memorandum of Notification) was filed after the order was entered rescheduling the hearing. (Kidd Aff. Ex. 1.)

[8]Phiffer's prayer seeks economic and non-economic damages as well as punitive damages and prospective injunctive relief. (Compl. ¶ 18.)

96 F.3d 1240, 1243-44 (9th Cir. 1996); *accord Denison v. Brown*, No. CV 07-905-BR, 2007 WL 4345806, at *5 (D. Or. Dec. 10, 2007). To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his jurisdiction.[9] *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *accord McGuire v. Clackamas Cnty. Counsel*, No. CV 08-1098-AC, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009).

"An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity."[10] *McGuire*, 2009 WL 4456310, at *4. "Judges retain their immunity when they are accused of acting maliciously or corruptly, and when they are accused of acting in error." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989);*Thomas v. Marion Cnty. Or. Circuit Court*, No. CV 10-1090-BR, 2010 WL 5067913, at *2 (D. Or. Dec. 6, 2010).

To the extent Phiffer's allegations and claims relate to the conduct of a judge, the act of deciding motions and setting hearing dates constitute judicial acts entitled to judicial immunity. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124,1133 (9th Cir. 2001) ("[r]uling on a motion is a normal judicial function"); *see also Potter v. Hart*, No. CV 10-429-CL, 2010 WL 4295135, at *2 (D. Or. Oct. 22, 2010) (judge's actions related to a judges "legal rulings" are entitled to absolute judicial immunity).

---

[9]Here Phiffer does not allege Judge Mendiguren acted without jurisdiction.

[10]The Ninth Circuit has identified the following factors as relevant to the determination of whether a particular act is judicial in nature: (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *See e.g.*, *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001); *Meek v. Cnty. of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999).

Similarly, to the extent Phiffer's allegations[11] relate to the conduct of Swiger, they are barred by absolute quasi-judicial immunity. Under absolute "quasi-judicial immunity," judicial immunity, as described above, extends to court personnel whose challenged activities are an "integral part of the judicial process." *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); *accord Stafford v. Barbaro*, No. CV 04-3027-CO, 2004 WL 966231, at *1 (D. Or. April 21, 2004). Among those entitled to quasi-judicial immunity are court clerks. *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986); *see also Stafford*, 2004 WL 966231, at *1. "The application of the doctrine does not depend on the job title of the defendant, but instead, requires an analysis of the function or act allegedly performed." *Sierzega v. Ashcroft*, 440 F. Supp. 2d 1198, 1206-07 (D. Or. 2006) (citing *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002)).

Here, even assuming Swiger played a role in conspiring to "make Plaintiff's filing and hearing of his motion as difficult as possible" (Pl.'s Reply Defs.' Reply 3), and in setting Phiffer's hearing date, such actions are entitled to quasi-judicial immunity. *See In re Castillo*, 297 F.3d at 952-53 (holding bankruptcy trustee's clerk was entitled to complete quasi-judicial immunity with respect to the scheduling of a hearing and failing to give notice of a hearing because both constituted judicial actions involving control of the docket and exercise of discretionary judgment); *see also Smith v. U.S. Court of Appeals*, No. C-08-1860 EML, 2008 WL 2079189, at *3 (N.D. Cal. May 15, 2008) (clerks were entitled to immunity where plaintiff claimed they "wrongfully denied his motion to expand the record on appeal"); *Mellow v. Sacramento Cnty.*, No. CIV 5080027 MCEGGHPS,

[11]Here Phiffer contends "[o]fficers of the court and the office of the District Attorney engaged in administrative activities pursuant to a conspiracy to make Plaintiff's filing and hearing of his motion as difficult as possible, hoping that he would give up and go away, denying him his due process." (Pl.'s Reply to Defs.' Reply 3.)

2008 WL 2169447, at *7 (E.D. Cal. 2008) (relying in part on a decision dismissing action where plaintiff alleged judges "entered into a conspiracy in which a docket clerk and [other clerks] participated by referring the matter to [the judge], making false docket entries, ignoring certain local rules, making false representations and intimidating plaintiff").

As a final matter, Phiffer relies on two cases for the proposition that "any time an action taken by a judge is not an adjudication between parties, it is less likely that the act is a judicial one." (Pl.'s Reply Defs.' Reply 2.) Those cases, however, are distinguishable. In *Morrison v. Lipscomb*, 877 F.2d 463, 464-65 (6th Cir. 1989), the court addressed the specific issue of whether judicial immunity applied when a judge declared a moratorium on the issuance of writs of restitution in observance of the holiday season. The court held judicial immunity did not apply because the judge's "moratorium was a general order, not connected to any particular litigation." *Id.* at 466. The court also reasoned the "order did not alter the rights and liabilities of any parties but, rather, instructed court personnel on how to process the petitions made to the court." *Id.* Finally, it reasoned, plaintiff could not "appeal the court's decision to a higher court." *Id.* Here the court is not faced with a moratorium, a general order, or an instruction to court personnel on how to process petitions. Accordingly, this court is not persuaded by the decision in *Morrison*.

Phiffer also cites *Forrester v. White*, 484 U.S. 219 (1988). This decision is also distinguishable. Unlike the present case, the court there was faced with the issue of whether a judge's action to demote and discharge a probation officer employee was a judicial act or an administrative act. *Forrester*, 484 U.S. at 546.

Contrary to Phiffer's allegation that a judge did not determine his Motion for Relief, an entry on the remote case register from OJIN shows Judge Mendiguren set Phiffer's motion for hearing and filed it on February 1, 2010. (Kidd Aff. Ex. 1 at 1.)

The OJIN shows, in pertinent part:

> **Judge Mendiguren Presiding**
> Motion for Relief From Victim Compensation & Degree [sic] Without Hearing. Mr. Phiffer is required to appear in person.
> Est length of time 1 Hour(s)[.]

(Kidd Aff. Ex. 1 at 1.). This court need not accept as true allegations in the complaint that contradict matters of public record, as is the case here. *See, e.g., Lazy Y Ranch, Ltd.*, 546 F.3d at 588.

Additionally, Phiffer cannot circumvent the doctrine of judicial immunity by naming parties other than the judge, i.e., the Baker County Circuit Court, for an alleged violation of the ADA based upon an order issued by Judge Mendiguren. *See Smith v. Sacramento Superior Court*, No. 2:10-CV-2537 KJNP, 2010 WL 3825681 (E.D. Cal. Sept. 28, 2010). The Baker County Circuit Court is entitled to absolute immunity here as it has been sued for actions taken by a judge. *See Cooper v. City of Ashland*, 187 F.3d 646 (9th Cir. 1999). Because information from the OJIN shows Judge Mendiguren presided over Phiffer's motion and required him to attend the hearing, this court concludes Baker County Circuit Court is entitled to absolute immunity.

C. Prosecutorial Immunity

Phiffer alleges Shirtcliff participated in a conspiracy to make his "filing and hearing of his motion as difficult as possible, hoping that he would give up and go away, denying him his due process." (Pl.'s Reply Defs.' Reply 3.) Defendants contend all the claims against Shirtcliff must be dismissed because he is entitled to absolute prosecutorial immunity. To the extent Phiffer's allegations are made against Shirtcliff in his official capacity, he is immune from suit.

District attorneys, as state prosecutors, have "absolute rather than qualified, prosecutorial immunity." *Meyers v. Contra Costa Cnty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1156 (9th Cir. 1987); *accord Cram v. Or.*, No. CV 08-6365-HO, 2010 WL 1062555, at *4 (D. Or. March 23, 2010). "As with judges, a prosecutor is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Aaronson v. Kulongoski*, No. CV 06-3097-CL, 2007 WL 1413025, at *2 (D. Or. May 10, 2007).

"Prosecutors are immune from liability for their decisions to prosecute, their presentation of the State's case, and all other quasi-judicial functions, including filing motions for arrest warrants, the evaluation of witnesses, the evaluation of evidence, and even using false testimony at trial." *Cannon v. Polk Cnty. Dist. Attorney*, No. CV 10-224-HA, 2010 WL 4226467, at *3 (D. Or. Oct. 20, 2010).

Prosecutorial immunity, however, "extends only to conduct fairly within the prosecutor's function as an advocate." *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993)). "If the prosecutor's actions [are] administrative or investigatory, such as those duties usually performed by a detective or police officer, then an analysis under qualified immunity principles is more appropriate." *Cram*, 2010 WL 1062555, at *4.

In *Aaronson*, 2007 WL 1413025, the court concluded the prosecutor was entitled to absolute prosecutorial immunity. In that case, plaintiff alleged, among other things, the prosecutor "violated the terms of plaintiff's second conditional release by modifying court records without the Judge's permission" and "forged a court order which he conveyed to the [court] and the [city recorder]." *Id.* at *8. The court found "that conveying a court order to a court or a city recorder is a quasi-judicial function ordinarily performed by a prosecutor in the criminal process." *Id.* It also

concluded "an alleged conspiracy between the judge and prosecutor to predetermine the outcome of a judicial proceeding did not pierce the immunity extended to judges and prosecutors." *Id*.

Similar to *Aaronson*, Phiffer argues Shirtcliff and Swiger made the decision to set his hearing date. (Pl.'s Opp. Dismiss 2.) Like plaintiff's allegations in *Aaronson*, Phiffer's allegations fall within the scope of Shirtcliff's absolute prosecutorial immunity. *See also Thomas*, 2010 WL 5067913, at *2 (Assistant Attorney General was entitled to prosecutorial immunity where plaintiff alleged he "conspired with [judge] to deprive Plaintiff of his right to drive.").

D. Injunctive and Declaratory Relief.

"Judges are absolutely immune from liability for damages, injunctive relief, and declaratory relief sought as a result of judicial acts performed in their judicial capacity" *Denison*, 2007 WL 4345806, at *5 (citing *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds)). Additionally, injunctive relief is only available if there is a "real or immediate threat that the plaintiff will be wronged again." *Smith v. Moffitt*, No. CV 03-452-TC, 2003 WL 23962279, at *1 (D. Or. Nov. 10, 2003). Here Phiffer's hearing has concluded and, unless he is arrested for another crime in Baker County, there is no "real or immediate threat that he will be wronged" again by Shirtcliff or the Baker County Circuit Court. *Id.* As such, injunctive relief is not appropriate. Phiffer's claims against Defendants should be dismissed on the ground that Defendants are immune from liability and Phiffer has failed to state a claim for any relief against them.

## *RECOMMENDATION*

For the reasons stated above, Defendants' Motion to Dismiss (doc. #3) should be GRANTED; and Phiffer's Motion to File an Amended Complaint (doc. #8) should be GRANTED.

*SCHEDULING ORDER*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **April 29, 2011**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 14th day of April, 2011.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge