IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

BILLY RAY PHIFFER,

        Plaintiff,                                              CV-10-1120-SU

       v.                                                    FINDINGS AND
                                                                            RECOMMENDATION

STATE OF OREGON AS BEING
REPRESENTED BY THE OFFICE OF
DISTRICT ATTORNEY FOR BAKER COUNTY,
a public entity; and STATE OF OREGON AS
BEING REPRESENTED BY BAKER COUNTY
CIRCUIT COURT, a public entity;

                       Defendant.

SULLIVAN, Magistrate Judge:

       Plaintiff Billy Ray Phiffer ("Phiffer"), appearing *pro se*, filed this amended action against

the State of Oregon ("defendant") for the actions of Baker County's Office of District Attorney and

1 - FINDINGS AND RECOMMENDATION

Baker County Circuit Court.[1]

Phiffer alleges violations of Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and a section 1983 claim for a violation of due process pursuant to the Fourteenth Amendment to the United States Constitution. Am. Compl. ¶ 1. Presently before this Court is defendant's Motion to Dismiss (doc. 21) which, for the following reasons, should be GRANTED.

## BACKGROUND

Phiffer was ordered to make victim compensation payments by the Baker County Circuit Court. Pl.'s Opp'n Dismiss 2. In December 2006, the victim to whom Phiffer was making payments died. *Id.* To avoid future payments of victim compensation, Phiffer filed a Motion for Relief from Victim Compensation and Decree Without Hearing ("Motion for Relief") with the Baker County Circuit Court in December 2009. Am. Compl. ¶ 8. Phiffer was 79 years old and resided in Dallas, Texas when he filed his Motion for Relief with the Circuit Court. He "suffers from and has a long established history of osteoarthritis, a severe degenerative hip and back condition, osteoporosis, diabetes and emphysema." Am. Compl. ¶ 6.

Phiffer's request for a Motion for Relief was in response to a letter from District Attorney Matthew Shirtcliff "(Shirtcliff)" which advised Phiffer to request a decree excusing him from appearing at the hearing in person. Am. Compl. ¶ 8. A hearing was scheduled on Phiffer's Motion for Relief for February 10, 2010, for which Phiffer was required to appear in person. Justin E. Kidd Aff. Ex. 1 at 1, November 17, 2010. Phiffer sought the services of an attorney to represent him in

---

[1]Phiffer structures his complaint as though it is asserted against two separate defendants. However, Phiffer already filed suit against Baker County Circuit Court and the Office of District Attorney. As such, this Court construes this action as though it is asserted against one defendant, the State of Oregon.

2 - FINDINGS AND RECOMMENDATION

court and requested that his attorney be allowed to appear in his place. Am. Compl.¶ 10. A motion to continue was filed on the basis that Phiffer's attorney needed more time to prepare. Kidd Aff. Ex. 1 at 1. On March 11, 2010, a Notice of Scheduled Court Proceedings was issued by the Baker County Circuit Court, setting a hearing on Phiffer's Motion for Relief for June 7, 2010. Billy Ray Phiffer Aff. Ex. K ("Notice of Hearing"), November 29, 2010.[2] Despite his alleged requests, the Notice of Hearing required Phiffer to appear in person. He alleges he responded by filing a "Memorandum of Information" with the Baker County Circuit Court, "[i]ncompliance with UTCR 7.060."[3] Am. Compl.¶ 9. The "memorandum" allegedly informed the court of Phiffer's "condition and possible ADA and 504 Rehabilitation Act lawsuit if [he were] required to attend the hearing." Am. Compl.¶ 9. There was, however, no response to Phiffer's "memorandum" from the Baker

---

[2] The Notice of Scheduled Court Proceeding, dated March 11, 2010, states:
Additional Information:
\*\*JUDGE UNKNOWN AT THIS TIME\*\*
MOTION FOR RELIEF FROM VICTIM COMPENSATION
IMPORTANT NOTICE: PLEASE READ
Failure to appear at the court event indicated above at the time and place specified may result in an order being rendered against you in this case. Phiffer Aff. Ex. K.

[3] Oregon Uniform Trial Court Rules 7.060 provides for Americans with Disabilities Act Accommodation as follows:
    (1) If special accommodation under the ADA is needed for an individual in a court proceeding, the party needing accommodation for the individual must notify the court in the manner required by the court as soon as possible, but no later than four judicial days in advance of the proceeding....
    (2) Notification to the court must provide:
        (a) the name of the person needing accommodation;
        (b) the case number;
        (c) charges(if applicable)
        (d) the nature of the proceeding;
        (e) the person's status in the proceeding;
        (f) the time, date, and estimated length of the proceeding;
        (g) the type of disability needing accommodation; and
        (h) the type of accommodation, interpreter, or auxiliary aid needed or preferred.

County Circuit Court. Am. Compl.¶ 9.

Phiffer and his wife traveled by car from Texas to Oregon to attend the hearing. Phiffer's doctor had prescribed hydrocodone for his pain; therefore, he was unable to drive and his wife "was forced to drive the round trip."Am. Compl.¶ 11. Phiffer asserts that the physical pain of the trip, combined with the stress of making his wife drive, "caused him severe mental distress."*Id*.

Phiffer alleges defendant did not demonstrate that making a "reasonable modification in its policy, practice or procedure . . . to avoid discrimination on the basis of disabilities " by acceding to his request to appear by phone or through his attorney would "fundamentally alter the nature of the service, program or activity" as required by 28 C.F.R. 35.130(b)(7).[4] Am. Compl.¶ 12. Phiffer alleges his right to due process was violated because "he was denied his Decree Without Hearing."Am. Compl.¶ 13.

Phiffer also alleges defendant was "deliberately indifferent to [his] disabled state by intentionally ignoring his Memorandum of Information," which he asserts "made them aware of his disabilities and the pain and mental stress it would cause if he was required to attend the hearing."Am. Compl.¶ 14. Phiffer alleges defendant discriminated against him when his request to either appear by remote communication or, alternatively, have his attorney appear for him at the hearing, was denied and that these actions "constitute unlawful discrimination on the basis of [his]

---

[4] 328 C.F.R. 35.130(b)(7) states:

> A public entity shall make reasonable modifications in policies,
> practices, or procedures when the modifications are necessary to
> avoid discrimination on the basis of disability, unless the public
> entity can demonstrate that making the modifications would
> fundamentally alter the nature of the service, program, or activity.

disability" under the ADA and the Rehabilitation Act. Am. Compl. ¶¶ 15-18.

Phiffer initially brought this complaint against Shirtcliff in his official capacity as District Attorney for Baker County and the Baker County Circuit Court. This Court granted defendants' original Motion to Dismiss on grounds of immunity. S*ee Phiffer v. Shirtcliff*, 2011 WL 2314153, at *3 (D.Or. April 14, 2011) *("Phiffer I").* Phiffer now brings this amended complaint submitting virtually identical claims, only this time against the State of Oregon. Defendant now moves to dismiss Phiffer's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does "demand more than an unadorned, the-defendant-unlawfully- harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions, which are attached to or incorporated by reference into, the complaint, as well as matters capable of judicial notice. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[t]he

5 - FINDINGS AND RECOMMENDATION

court may . . . take judicial notice of matters of public record or facts that are not subject to reasonable dispute"). The court need not accept as true allegations in the complaint that contradict these sources. *Lazy Y Ranch, Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). Before dismissing a *pro se* complaint, the court must, in many circumstances, instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a *pro se* plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt plaintiff can prove no set of facts in support that would entitle him to relief and the complaint's deficiencies cannot be cured by amendment. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008).

## DISCUSSION

Phiffer makes three claims for relief: 1) a section 1983 claim; 2) an ADA claim; and 3) a Rehabilitation Act Claim. Defendant asserts that these claims are barred on the basis of immunity. Therefore, this Court must first determine whether Phiffer states a prima facie case and, if so, whether defendant is entitled to immunity.

I. Section 1983 Claim

Defendant contends that this Court lacks subject matter jurisdiction over Phiffer's section 1983 claim because it is barred by the Eleventh Amendment.[5] *See* Fed. R. Civ. P. 12(b)(1).

As discussed in *Phiffer I*, absent waiver, the "Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). Sovereign immunity under

---

[5] The Eleventh Amendment prohibits "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

the Eleventh Amendment is a question of subject matter jurisdiction. *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

Sovereign immunity, however, may be expressly waived by the state or abrogated by Congress. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). Here, the State of Oregon has not expressly waived immunity, and the Supreme Court of the United States has "made clear that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity.'" *Walker v. Or.*, 2010 WL 4777999, at *1 (D. Or. Oct. 27, 2010) (quoting *Kentucky. v. Graham*, 473 U.S. 159, 169 & n.17 (1985)).

Therefore, because defendant has not waived its Eleventh Amendment immunity in regard to section 1983claims, this Court lacks subject matter jurisdiction. Accordingly, Phiffer's section 1983 claim should be dismissed.

##    II.    Rehabilitation Act and ADA Claims

Unlike section 1983, the language of the Rehabilitation Act and ADA "makes it clear that Congress has unequivocally abrogated the states' immunity from suit in Federal Court under those statutes." *Phiffer v. Columbia River Corr. Institute*, 384 F.3d 791 (9th Cir. 2004); *Burns-Vidlak v. Chandler*, 165 F.3d 1257, 1261 n.6 (9th Cir. 1999); *Clark v. Cal.*, 123 F.3d 1267, 1269 (9th Cir. 1997). As such, Phiffer's Rehabilitation Act and ADA claims must be analyzed to determine whether they state a prima facie case.

###    A. Prima Facie Case

The requirements to establish a prima facie case under the Rehabilitation Act are virtually the same as the requirements for ADA claims. 42 USC § 12201; *Bragon v. Abbott*, 524 U.S. 624,

7 - FINDINGS AND RECOMMENDATION

631 (1998); *Duvall v. Cnty. of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001); *see also Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999). Further, the remedies, procedures and rights of section 504 of the Rehabilitation Act are the same as those provided under the ADA. 42 U.S.C. § 12133. The critical difference is that the ADA applies to public entities while the Rehabilitation Act applies in federally funded programs. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

### i. ADA Claim

Phiffer alleges that he is disabled and was denied the benefits of the Baker County Circuit Court as a result of that disability.

In order to state a claim of disability discrimination under the ADA, plaintiff must allege four elements: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (internal quotations and citations omitted). As discussed in *Phiffer I*, Phiffer has alleged facts sufficient to state a prima facie ADA claim. *See Phiffer*, 2011 WL 234153 at *5.

### ii. Rehabilitation Claim

8 - FINDINGS AND RECOMMENDATION

Phiffer also asserts that the denial of benefits as a result of his disability violated section 504 of the Rehabilitation Act.

To State a prima facie case under section 504, a plaintiff must show: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *Duvall*, 260 F.3d at 1135.

There is little dispute that Phiffer has alleged sufficient facts to establish that he is a qualified individual with a disability under the Rehabilitation Act. It is similarly undisputed that the defendant receives Federal funding, and that notwithstanding his disability, Phiffer is entitled to receive this program's benefits. For purposes of this motion, the only element of the prima facie case left to be determined is the question of whether Phiffer was denied any of Baker County Circuit Court's benefits "solely by reason of his disability."

This Court, however, concludes that Phiffer has also alleged sufficient facts to satisfy this element. Phiffer contends the Baker County Circuit Court required him to appear in person and denied his request to have an attorney take his place. Am. Compl. ¶ 8. This requirement led to his pain and suffering from traveling to the hearing. Phiffer alleges that, but for the failure to make accommodations for his disability, he would have been able to enjoy the ordinary protections of the court without the accompanying pain and suffering.

Therefore, I find that Phiffer has stated enough facts to sustain a claim of discrimination under the Rehabilitation Act.

      B. <u>Immunity</u>

9 - FINDINGS AND RECOMMENDATION

Finding that Phiffer alleges sufficient facts to state a claim under the ADA and the Rehabilitation Act, however, does not end this Court's inquiry. Defendant claims it is entitled to judicial, quasi-judicial and prosecutorial immunity in regards to these claims. These immunities are not granted by the Eleventh Amendment; rather, they have arisen out of federal common law. *See Pearson v. Ray*, 386 U.S. 547, 553-54 (1967) (judicial immunity); *Moore v. Brewster*, 96 F.3 1240, 1244 (9th Cir. 1996) (quasi-judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976) (prosecutorial immunity). Since these immunities do not spring from the Eleventh Amendment, they are not abrogated by Congress in regard to the ADA and Rehabilitation Act claims.

### i. ADA Claim

In his amended complaint, Phiffer alleges no new facts about the actions of the Baker County Circuit Court or the actions of District Attorney Shirtcliff. Instead, he asserts that defendant is liable under a respondeat superior theory.

As a preliminary matter, this Court relies on our previous determination that the actions of Baker County Circuit Court were protected by judicial immunity and quasi-judicial immunity and the actions of the District Attorney Shirtcliff were protected by prosecutorial immunity in regard to Phiffer's ADA claim. *Phiffer*, 2011 WL 2314153 at *6-9. Therefore, the only determination this Court needs to make is whether the immunities granted to the Baker County Circuit Court and District Attorney Shirtcliff in *Phiffer I* extend to the defendant.

### a. Judicial and Quasi-Judicial Immunity

The parties have not cited to, and this Court is not aware of, any authority from this District or the Ninth Circuit that directly address this issue. However other district courts from within this Circuit hold that, under a respondeat superior theory, judicial and quasi-judicial immunity extends

to the government employer. *See Ward v. San Diego Cnty. Dept. of Soc. Servs.*, 691 F.Supp 238, 241 (S.D.Cal. 1998) (quasi-judicial immunity extended to a government employer for actions of a volunteer); *Webster v. Bronson* 2009 WL 3185922, at*4 (W.D.Wash. Oct. 2, 2009) (immunity extended to the government employer for actions of employee). In addition, at least one district court from within this Circuit holds that the state, when acting as an employer, is immune from ADA liability for the allegedly discriminatory acts of a judge where that judge's actions were found judicially immune. *See Bear v. Wash.*, 2011 WL 1155047, at *3-4 (W.D.Wash. March 24, 2011).

Therefore, based on this precedent, this Court concludes that defendant is also entitled to immunity for the judicially immune actions of the Baker County Circuit Court.

### b. Prosecutorial Immunity

As noted in *Phiffer I*, a suit against the district attorney in his official capacity under the ADA is equivalent to a suit against the state itself. *Phiffer*, 2011 WL 2314153, at *5 n.6 (citing *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001)). Thus, this Court has already analyzed whether the state is immune based on Shirtcliff's actions. *Phiffer*, 2011 WL 2314153 at *8. Accordingly, consistent with *Phiffer I*, defendant is entitled to immunity for the actions of the Office of the District Attorney.

### ii. Rehabilitation Act Claim

As discussed above, Phiffer's amended complaint asserts a prima facie case under the Rehabilitation Act. Finding that Phiffer states such a case does not end this Court's inquiry; rather, the Court must now assess whether defendant is entitled to common law immunity in regard to this claim. However, as a preliminary matter, it should noted that, because ADA claims are analogous to Rehabilitation Act claims, defendant should be immune in regard to Phiffer's Rehabilitation Act

claim for the same reasons that it is immune from liability under the ADA. *See Duvall,* 260 F.3d at 1135.

### a. Judicial and Quasi-Judicial Immunity

Phiffer contends that defendant is liable based on the actions of the Baker County Circuit Court by requiring him to attend the hearing. As discussed in *Phiffer I*, judges have absolute immunity for judicial acts performed in their judicial capacity and within the scope of their jurisdiction. *See Moore*, 96 F.3d at 1243-44; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Further, "[j]udges retain their immunity when they are accused of acting maliciously or corruptly, and when they are accused of acting in error." *Tanner v. Heise,* 879 F.2d 572, 576 (9th Cir. 1989); *Thomas v. Marion Cnty. Or. Circuit Court*, 2010 WL 5067913, at *2 (D.Or. Dec. 6, 2010).

In addition, certain court staff can also be immune under this theory. Under absolute "quasi-judicial immunity," court personnel whose challenged activities are an "integral part of the judicial process" are immune from liability. *Morrison v. Jone*s, 607 F.2d 1269, 1273 (9th Cir. 1979). Among those entitled to quasi-judicial immunity are court clerks. *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986).

Here, Phiffer's allegations of the wrongful acts of the Baker County Circuit Court relate to deciding motions and setting hearing dates. Am. Compl. ¶ 8. These acts constitute "judicial acts" and, as such, are entitled to judicial immunity. *See Duvall*, 260 F.3d 1124,1133 (9th Cir. 2001) ("[r]uling on a motion is a normal judicial function"); *see also Potter v. Hart*, 2010 WL 4295135, at *2 (D.Or. Oct. 22, 2010) (judge's actions related to a judges "legal rulings" are entitled to absolute judicial immunity).

Similarly, to the extent Phiffer's allegations relate to the conduct of Amy Swiger ("Swiger"), the court operations specialist of the Baker County Circuit Court, they are barred by absolute quasi-judicial immunity, even assuming Swiger played a role in conspiring to make Phiffer's filing and hearing of his motion as difficult as possible and in setting Phiffer's hearing date. *See In re Castillo*, 297 F.3d 940, 952-53 (9th Cir. 2002) (clerk was entitled to complete quasi-judicial immunity with respect to the scheduling of a hearing and failing to give notice of a hearing because both constituted judicial actions involving control of the docket and exercise of discretionary judgment); *see also Smith v. U.S. Court of Appeals*, 2008 WL 2079189, at *3 (N.D. Cal. May 15, 2008) (clerks were entitled to immunity where plaintiff claimed they "wrongfully denied his motion to expand the record on appeal"); *Mellow v. Sacramento Cnty.*, 2008 WL 2169447, at *7 (E.D. Cal. 2008) (quasi-judicial immunity applied where plaintiff alleged judges "entered into a conspiracy in which a docket clerk and [other clerks] participated by referring the matter to [the judge], making false docket entries, ignoring certain local rules, making false representations and intimidating plaintiff").

As noted, this Court is not aware of any authority from the District of Oregon or the Ninth Circuit that directly addresses the issue of whether judicial immunity extends to the state. As discussed in regard to Phiffer's ADA claim, however, at least one district court case from within the Ninth Circuit held that the state, as employer, is immune for the acts of a judge where that judge was found to be judicially immune. *See Bear*, 2011 WL 1155047 at *3-4. Moreover, judicial and quasi-judicial immunity generally extends to the government employer. *See Ward*, 691 F.Supp. at 24; *Webster*, 2009 WL 3185922 at *4. As such, the Court concludes that defendant is entitled to immunity for the acts of the Baker County Circuit Court in regard to

13 - FINDINGS AND RECOMMENDATION

Phiffer's Rehabilitation Act claim.

b. Prosecutorial Immunity

Phiffer contends that defendant is liable based on the actions of the Baker County District Attorney. As discussed in *Phiffer I*, district attorneys, as state prosecutors, have absolute immunity. *Meyers v. Contra Costa Cnty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1156 (9th Cir. 1987). "As with judges, a prosecutor is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Aaronson v. Kulongoski*, 2007 WL 1413025, at *2 (D. Or. May 10, 2007). Prosecutorial immunity is not without limits: it "extends only to conduct fairly within the prosecutor's function as an advocate." *Cannon v. Polk Cnty. Dist. Attorney*, 2010 WL 4226467, at *3 (D.Or. Oct. 20, 2010) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993)). As such, "if the prosecutor's actions [are] administrative or investigatory, such as those duties usually performed by a detective or police officer, then an analysis under qualified immunity principles is more appropriate." *Cram v. Or.*, 2010 WL 1062555, at *4 (D.Or. March 23, 2010).

Here, because I find that Shirtcliff was acting in his official capacity when he made the decision to set Phiffer's hearing date, the district attorney's actions are entitled to prosecutorial immunity. *Aaronson*, 2007 WL 1413025 at *8 (allegations that district attorney modified court records without the judge's consent fall within the scope of absolute prosecutorial immunity).

Further, as noted in *Phiffer I*, a suit against the district attorney in his official capacity under the Rehabilitation Act is equivalent to a suit against the state itself. *Phiffer*, 2011 WL 2314153 at *5 n.6 (citing *Gomez*, 255 F.3d at 1126). Thus, as with Phiffer's ADA claim, this Court has already analyzed whether the state is immune based on the actions of the district

attorney, Shirtcliff. *Phiffer*, 2011 WL 2314153 at *8. Accordingly, consistent with *Phiffer I* and similar to Phiffer's ADA claim, defendant is entitled to immunity for the actions of the Office of the District Attorney.

## RECOMMENDATION

For the reasons set forth above, defendant's Motion to Dismiss (doc. 21) should be GRANTED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due  December 8 , 2011.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this  21st  day of November, 2011.

 /s/ Patricia Sullivan  
Patricia Sullivan  
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION